TROUTMAN PEPPER LOCKE LLP
Steven D. Allison (SBN 174491)
steven.allison@troutman.com
Christy A. Markos (SBN 322278)
christy.markos@troutman.com
Lynda B. Nguyen (SBN 340720)
lynda.nguyen@troutman.com
100 Spectrum Center Drive, Suite 1500
Irvine, CA 92618
Tel:  949.622.2700 / Fax:  949.622.2739

*Attorneys for Defendants*
FISERV SOLUTIONS, LLC F/K/A FISERV
SOLUTIONS, INC.; and FISERV, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| POLAM FEDERAL CREDIT UNION,<br><br>Plaintiff,<br><br>vs.<br><br>FISERV SOLUTIONS, LLC f/k/a FISERV SOLUTIONS, INC., and FISERV, INC.,<br><br>Defendants. | Case No. 2:26-cv-2352-JFW (DFM)<br><br>**JOINT APPLICATION REGARDING DEFENDANT FISERV SOLUTIONS, LLC AND FISERV, INV.'S MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL [L.R. 79-5.2.2(A)]**<br><br>*[Filed concurrently with Declarations of Kristen L. Nelson Steven D. Allison, and Doug Donofrio and [Proposed] Order]*<br><br>Complaint filed:    March 5, 2026 |

TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to Local Civil Rule 79-5.2.2(a), Plaintiff POLAM Federal Credit Union ("Plaintiff" or "POLAM") and Defendants Fiserv Solutions, LLC f/k/a Fiserv Solutions, Inc., and Fiserv, Inc. (collectively, "Defendants" or "Fiserv") submit the following Joint Application Regarding Defendants' Motion for Leave to File Under Seal portions of the June 1, 2014 Master Agreement ("2014 Master Agreement") attached as Exhibit 2 to Plaintiff's Complaint (*see* ECF Nos. 1, 35-1), as well as Plaintiffs' objections to Defendants' submission of a October 18, 2021 Amendment to the June 1, 2014 Master Agreement ("2021 Amendment").  Declaration of Steven D. Allison ("Allison Decl."), Exs. A-B.

Plaintiff advised Fiserv that it intended to file the 2014 Master Agreement, identified as Exhibit 2 to Plaintiff's Complaint.  Allison Decl., ¶ 4.  Additionally, in connection with Fiserv's Motion to Dismiss Plaintiff's Complaint, Fiserv intends to submit a redacted copy of the 2021 Amendment that was not included in Exhibit 2 to Plaintiff's Complaint.  *Id.*, ¶ 5.  POLAM objects to and opposes the inclusion of the 2021 Amendment.  Both documents contain references to a "Flex Credit" in a specific amount.  *Id.*, ¶ 6, Exs. A, B.

## I.      DEFENDANTS' POSITION

Compelling reasons exists for redacting the amount of "Flex Credit" contained in the 2014 Master Agreement and the 2021 Amendment because the amount of the "Flex Credit" is a contractual term that is negotiated by Fiserv on a customer-by-customer basis and the "Flex Credit" amount reflected in the 2014 Master Agreement and the 2021 Amendment is specific to Fiserv's agreement with POLAM.  *See In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (holding redaction of "pricing terms, royalty rates, and guaranteed minimum payment terms" in trial exhibit met "compelling reasons" standard because such information "plainly falls within the definition of 'trade secret'").  Fiserv's requested redactions to the

TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

2014 Master Agreement and the 2021 Amendment are also narrowly tailored and limited only to the "Flex Credit" pricing term, which is a specifically negotiated rate. Declaration of Doug Donofrio ("Donofrio Decl."), ¶¶ 2, 3; *see Pac. Steel Grp. v. Com. Metals Co.*, No. 20-CV-07683-HSG, 2024 WL 4557392, at *2 (N.D. Cal. Oct. 23, 2024) (finding narrowly tailored redactions for pricing and royalty amounts satisfied compelling reasons standard and outweighed public interest in viewing documents). POLAM does not contend, nor could it, that the "Flex Credit" reflected in POLAM's agreement has been publicly filed or is otherwise non-confidential. Disclosure of other customer's flex credits under different agreements in other cases under different circumstances, does not warrant disclosure here, particularly where the "Flex Credit" pricing term is unrelated to the disputed issues in this litigation. *See generally* ECF No. 1. Furthermore, public disclosure of the "Flex Credit" amounts set forth in Fiserv's agreements with POLAM would cause competitive harm to Fiserv by revealing commercially sensitive pricing information to Fiserv's competitors, as well as other Fiserv clients who have negotiated different "Flex Credit" terms. Donofrio Decl. ¶ 4; *see Pac. Steel Grp.*, 2024 WL 4557392, at *2 (holding redaction of pricing information justified where disclosure could place moving party at competitive disadvantage). The 2014 Master Agreement and the 2021 Amendment should therefore be filed with redactions for the "Flex Credit" price term because the compelling reasons in favor of dealing outweigh any public right of access.

## II. PLAINTIFF POLAM'S POSITION: FISERV HAS NOT MET ITS HEAVY BURDEN UNDER THE "COMPELLING REASONS" STANDARD TO SEAL OR REDACT 1) PORTIONS OF EXHIBIT 2 TO THE COMPLAINT AND 2) ANOTHER EXHIBIT NOT INCLUDED IN THE COMPLAINT.

Fiserv seeks to (1) seal or redact pricing-related "flex credit" provisions from Exhibit 2 to POLAM's Complaint—the June 1, 2014 Master Agreement and its

TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

amendments dated December 28, 2022 and October 27, 2023 between POLAM and Fiserv Solutions, LLC f/k/a Fiserv Solutions, Inc. (the "Master Agreement")[1] as well as (2) an additional *document not referenced or included* in POLAM's Complaint, what Defendants have called the 2021 Amendment. The request has no cognizable legal basis and should be denied. The Master Agreement between the Parties is at the heart of POLAM's Complaint, which alleges myriad breaches of contract, fraud, and violations of the Defend Trade Secrets Act, among other claims, involving for example, unfulfilled security promises and unlawful renewal provisions. *See* ECF No. 1, Complaint.

Under the prevailing "compelling reasons" standard, Fiserv bears the burden of "articulat[ing] compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana v. City & County of Honolulu*, 447 F.3d  1172, 1178-79 (9th Cir. 2006) (internal citation omitted). Fiserv has not met that burden. Its assertion that "current pricing information" and "negotiated pricing terms (e.g., the flex credit)" constitute "proprietary information" warranting redaction, (Declaration of Kristen L. Nelson, Ex. A), is a generalized conclusion unsupported by factual findings.

The pricing information Fiserv seeks to shield is not actually confidential. Fiserv's standard form Master Agreement has been publicly filed without redaction in multiple breach of contract and fraud proceedings involving Fiserv. In *Self-Help Credit Union v. Fiserv Solutions, LLC*, No. 1:25-cv-1112 (M.D.N.C. 2025), a 2014

---

[1] When the Complaint was filed, POLAM withheld the substantive content of this exhibit to afford Fiserv an opportunity to identify any confidentiality concerns. *See* ECF No. 1-2. On April 29, 2026, POLAM filed a redacted version of Exhibit 2, noting its objections and reserving its right to challenge the redactions at a future date. ECF No. 35, 35-1.

TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

Master Agreement and 2020 Amendment were publicly filed without redaction of pricing information, fee schedules, or "flex credit" provisions. *See id.* ECF Nos. 15-1, 15-2 at 27. In *Bessemer System Federal Credit Union v. Fiserv Solutions, LLC et al.*, No. 2:19-cv-00624-RJC (W.D. Pa. 2019), a 2014 Master Agreement was publicly filed without redactions of comparable pricing information or fee schedules. *See id.*, ECF No. 147-1. In *Cencap Federal Credit Union v. Fiserv Solutions, LLC*, Case No. 3:25-cv-00913-VDO (D. Conn. 2025), the district court denied Fiserv's motion to seal the Master Agreement, finding "it is undisputed that similar agreements involving Defendants have been publicly filed in other cases," and cautioning it was "unlikely to grant a request to seal anything other than personal identifiable information." *Id.*, ECF No. 55.

Public SEC filings independently confirm the non-confidential character of the Master Agreement pricing terms. The EDGAR (Electronic Data Gathering, Analysis, and Retrieval) database contains an unredacted 2015 Master Agreement between Fiserv and Community Shores Bank including  pricing schedules and "flex credit" provisions. *See* SEC EDGAR, https://www.sec.gov/Archives/edgar/data/1070523/000114420415037426/v413232_ex10-1.htm (last accessed Apr. 29, 2026).

Where the very same client-specific "flex credit" values have been publicly disclosed in prior litigation and in SEC filings on EDGAR, Fiserv cannot credibly claim the particularized harm required to overcome the presumption of access. Nor can Fiserv credibly claim that disclosure here would cause "competitive harm" by revealing "commercially sensitive pricing information to Fiserv's competitors." Donofrio Decl. ¶ 4. The "flex credit" information Fiserv seeks to redact "might easily be surmised from what is already in the public record" concerning Fiserv's Master Agreements with credit unions. *CBS, Inc. v. U.S. Dist. Court for the Cent. Dist. of California*, 765 F.2d 823, 825 (9th Cir. 1985) (granting writ of mandamus and ordering district court to unseal documents); *see also Kamakana*, 477 F.3d at 1184

(including among grounds to unseal that the records "were . . . already publicly available.").

Finally, the public interest in full access is also especially pronounced here. POLAM is a federally chartered credit union—a consumer-owned cooperative. ECF No. 1, Compl. ¶¶ 13, 21. Sealing or redacting any portion of the Master Agreement over and above what is prescribed in Federal Rule of Civil Procedure 5.2 would deprive POLAM's members, and the public, of the ability to understand and evaluate a dispute that goes the financial relationship between a large financial services provider and a member-owned banking institution. There is no compelling to treat as confidential information that which was left unredacted in other Fiserv litigation and disclosed public in SEC filings. Fiserv's request to redact or seal portions of Exhibit 2 to the Complaint and the additional document not included in the Complaint, should be denied in its entirety.

This application is made pursuant to Local Civil Rule 79-5.2.2(a), and is supported by this notice, the accompanying declarations of Steven D. Allison and Kristen L. Nelson, the unredacted copies of the 2014 Master Agreement, the 2021 Amendment, and any and all other argument the Court wishes to consider at the time of the hearing.

Dated:      April 30, 2026            TROUTMAN PEPPER LOCKE LLP


By: */s/Steven D. Allison*
    Steven D. Allison
    Christy A. Markos
    Lynda B. Nguyen
    *Attorneys for Defendants*
    FISERV SOLUTIONS, LLC F/K/A
    FISERV SOLUTIONS, INC.; and
    FISERV, INC.

TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

Dated:      April 30, 2026                 HECHT PARTNERS LLP


                                           By: */s/Lori G. Feldman*
                                               Lori G. Feldman (admitted *pro hac vice*)
                                               *Attorneys for Plaintiff*
                                               POLAM FEDERAL CREDIT UNION

TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

JOINT APPLICATION TO FOR LEAVE TO FILE DOCUMENTS UNDER SEAL
CASE NO. 2:26-cv-02352-JFW (DFM)

## **ATTESTATION OF FILER**

Pursuant to L.R. 5-4.3.4(a)(2)(i), Steven D. Allison hereby attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.


Dated:  April 30, 2026          */s/Steven D. Allison*
                                Steven D. Allison

JOINT APPLICATION TO FOR LEAVE TO FILE DOCUMENTS UNDER SEAL
CASE NO. 2:26-cv-02352-JFW (DFM)

TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618