TROUTMAN PEPPER LOCKE LLP
Steven D. Allison (SBN 174491)
steven.allison@troutman.com
Christy A. Markos (SBN 322278)
christy.markos@troutman.com
Lynda B. Nguyen (SBN 340720)
lynda.nguyen@troutman.com
100 Spectrum Center Drive, Suite 1500
Irvine, California 92618
Telephone: 949.622.2700

FOLEY & LARDNER LLP
Jesse Byam-Katzman (admitted *pro hac vice*)
jbyam-katzman@foley.com
777 E. Wisconsin Avenue
Milwaukee, WI 53202
Tel: 414.271.2400 / Fax: 414.297.4900

Attorneys for Defendants FISERV SOLUTIONS, LLC F/K/A FISERV SOLUTIONS, INC.; and FISERV, INC.

TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| POLAM FEDERAL CREDIT UNION,<br><br>Plaintiff,<br><br>v.<br><br>FISERV SOLUTIONS, LLC f/k/a FISERV SOLUTIONS, INC. and FISERV, INC.,<br><br>Defendants.<br><br>FISERV SOLUTIONS, LLC f/k/a FISERV SOLUTIONS, INC. and FISERV, INC,<br><br>Counterclaimants,<br><br>v. | Case No. 2:26-cv-2352-JFW-DFM<br><br>Honorable John F. Walter<br><br>**DEFENDANTS AND COUNTERCLAIMANTS FISERV SOLUTIONS, LLC f/k/a FISERV SOLUTIONS, INC. AND FISERV, INC.'S AMENDED ANSWER TO COMPLAINT AND COUNTERCLAIMS** |

POLAM FEDERAL CREDIT UNION,

Counter-Defendant.

TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

Defendants Fiserv Solutions, LLC f/k/a Fiserv Solutions, Inc. ("Fiserv") and Fiserv, Inc. (collectively, the "Defendants") hereby answer the Complaint of Plaintiff POLAM Federal Credit Union ("POLAM") as follows:

1. Admit that POLAM is a not-for-profit credit union; admit that Fiserv is a provider of outsourced technology to financial institutions; admit that Fiserv stores and processes data of its financial institution clients; except as so stated, deny the allegations of Paragraph 1.

2. State that Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of POLAM's allegation with respect to what POLAM's lawsuit seeks and, therefore, deny the allegations; except as so stated deny the allegations of Paragraph 2, specifically denying that Defendants made any false representations to POLAM, failed to implement appropriate controls, or that POLAM's member information is vulnerable.

3. Deny the allegations of Paragraph 3.

4. Deny the allegations of Paragraph 4.

5. Admit that Defendants use layered, possession-based multi-factor authentication, including through the use of tokens and biometrics for certain types of their corporate data; admit that certain products and services POLAM receives under the Master Agreement deliver one-time passcodes via email; except as so stated, deny the allegations of Paragraph 5, specifically denying that Fiserv "withheld" any "protections" from POLAM and affirmatively asserting that Fiserv has provided all the security and other products for which POLAM contracted in the Master Agreement.

6. Deny the allegations of Paragraph 6.

7. Admit that the Master Agreement requires POLAM to pay certain fees if POLAM terminates the Master Agreement for any reason other than pursuant to Section 8(b)(i); admit that the Master Agreement requires POLAM to pay certain fees

TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

in connection with POLAM's deconversion from Fiserv's products and services; except as so stated, deny the allegations of Paragraph 7.

8. Admit that Fiserv has announced that it will discontinue Enhanced Authentication and replace it with SecureNow which provides additional security capabilities; except as so stated, deny the allegations of Paragraph 8.

9. Deny the allegations of Paragraph 9.

10. Deny the allegations of Paragraph 10.

11. Admit that what appears to be a copy of an article from the Wall Street Journal is attached to the Complaint as Exhibit 1; state that to the extent Paragraph 11 purports to describe, quote, or characterize the attached article, that document speaks for itself, should be read as a whole, and would provide only as expressly stated therein; except as so stated, deny the allegations of Paragraph 11, specifically denying that Defendants have engaged in any misconduct.

12. State that Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of POLAM's allegations with respect to the reasons that POLAM has filed this lawsuit and, therefore, deny the allegations; except as so stated, deny the allegations of Paragraph 12, specifically denying that POLAM is entitled to declaratory, equitable, or any other relief.

13. On information and belief, admit the allegations of Paragraph 13.

14. Admit the allegations of Paragraph 14.

15. Admit the allegations of Paragraph 15.

16. Deny the allegations of Paragraph 16.

17. State that the allegations of Paragraph 17 assert a legal conclusion as to which no response is required and, therefore, deny the allegations.

18. State that the allegations of Paragraph 18 assert a legal conclusion as to which no response is required and, therefore, deny the allegations.

19. State that the allegations of Paragraph 19 assert a legal conclusion as to which no response is required and, therefore, deny the allegations.

TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

20. State that the allegations of Paragraph 20 assert a legal conclusion as to which no response is required and, therefore, deny the allegations.

21. Admit that POLAM is a credit union and, on information and belief, admit that POLAM offers a range of banking and financial services; except as so stated, state that Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 21 and, therefore, deny the allegations.

22. On information and belief, admit that POLAM's members include friends and families of Polish-Americans, that the credit union was formed to provide services to Polish-Americans, and that POLAM offers a range of banking and financial services; except as so stated, state that Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 22 and, therefore, deny the allegations.

23. Admit the allegations of Paragraph 23.

24. Admit that Fiserv and POLAM entered into that certain Master Agreement and related addenda, schedules, exhibits, and appendices, dated as of June 1, 2014, as amended (the "Master Agreement"); state to the extent Paragraph 24 purports to describe, quote, or characterize the Master Agreement, that document speaks for itself, should be read as a whole, and would provide only as expressly stated therein; except as so stated, deny the allegations of Paragraph 24.

25. Admit that Fiserv created and made available to its clients a document entitled Enterprise Risk Management, Security Privacy Program Overview ("Security Overview"); except as so stated, deny the allegations of Paragraph 25.

26. State that to the extent Paragraph 26 purports to describe, quote, or characterize the Security Overview, that document speaks for itself, should be read as a whole, and would provide only as expressly stated therein; except as so stated, deny the allegations of Paragraph 26.

TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

27. State that to the extent Paragraph 27 purports to describe, quote, or characterize the Security Overview, that document speaks for itself, should be read as a whole, and would provide only as expressly stated therein; except as so stated, deny the allegations of Paragraph 27.

28. State that to the extent Paragraph 28 purports to describe, quote, or characterize the Security Overview, that document speaks for itself, should be read as a whole, and would provide only as expressly stated therein; except as so stated, deny the allegations of Paragraph 28.

29. State that to the extent Paragraph 29 purports to describe, quote, or characterize the Security Overview, that document speaks for itself, should be read as a whole, and would provide only as expressly stated therein; except as so stated, deny the allegations of Paragraph 29.

30. State to the extent Paragraph 30 purports to describe, quote, or characterize the Security Overview, that document speaks for itself, should be read as a whole, and would provide only as expressly stated therein; except as so stated, deny the allegations of Paragraph 30, specifically denying that Fiserv made false or misleading statements.

31. Deny the allegations of Paragraph 31.

32. Deny the allegations of Paragraph 32.

33. State that the contents of the statements of Defendants' counsel in other litigation speak for themselves; except as so stated, deny the allegations of Paragraph 33.

34. Deny the allegations of Paragraph 34.

35. Deny the allegations of Paragraph 35.

36. Admit that POLAM uses certain Fiserv products and services to store and process information required for POLAM to operate its business, including names, dates of birth, social security numbers, banking numbers, balances, and transaction history; except as so stated, Defendants state that they lack information

TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 36 and, therefore, deny the allegations.

37. State to the extent Paragraph 37 purports to describe, quote, or characterize the Master Agreement, that document speaks for itself, should be read as a whole, and would provide only as expressly stated therein; except as so stated, deny the allegations of Paragraph 37, including the allegations of subparagraphs (a) and (b).

38. Admit that Defendants employ robust security measures to protect their confidential data, including through multi-factor authentication utilizing tokens and biometrics, phishing-resistant multi-factor authentication, and other layered authentication controls; except as so stated, deny the allegations of Paragraph 38.

39. Deny the allegations of Paragraph 39.

40. Admit that multi-factor authentication is a security control that consists of two or more distinct factors for authentication and is used to counter hacking; except as so stated, deny the allegations of Paragraph 40.

41. Admit that there are different forms of multi-factor authentication with different features; except as so stated, deny the allegations of Paragraph 41.

42. State to the extent Paragraph 42 purports to describe, quote, or characterize contents of the referenced FFIEC and NIST materials, those materials speak for themselves, should be read as a whole, and would provide only as expressly stated therein; except as so stated, deny the allegations of Paragraph 42.

43. State to the extent Paragraph 43 purports to describe, quote, or characterize contents of the referenced NIST materials, those materials speak for themselves, should be read as a whole, and would provide only as expressly stated therein; except as so stated, deny the allegations of Paragraph 43.

44. State to the extent Paragraph 44 purports to describe, quote, or characterize contents of the referenced website, that website speaks for itself, should

TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

be read as a whole, and would provide only as expressly stated therein; except as so stated, deny the allegations of Paragraph 44.

45. Admit that not every product and service POLAM contracted to receive under the Master Agreement required multi-factor authentication or an email passcode challenge; except as so stated, deny the allegations of Paragraph 45.

46. Admit that certain products and services POLAM contracted to receive under the Master Agreement utilize one-time passcodes sent via email; except as so stated, deny the allegations of Paragraph 46.

47. Deny the allegations of Paragraph 47.

48. Admit that on limited occasions, POLAM and another credit union that shares a very similar name have been inadvertently contacted with communications meant for the other; deny that any "extraordinarily sensitive confidential information" was shared in such communications; deny the remaining allegations of Paragraph 48.

49. Deny the allegations of Paragraph 49.

50. Deny the allegations of Paragraph 50.

51. State to the extent Paragraph 51 purports to describe, quote, or characterize contents of the referenced article, that document speaks for itself, should be read as a whole, and would provide only as expressly stated therein; except as so stated, deny the allegations of Paragraph 51.

52. Deny the allegations of Paragraph 52.

53. Deny the allegations of Paragraph 53.

54. State that the contents of Ms. Cave's public statements speak for themselves, should be considered as a whole, and would provide only as expressly stated; except as so stated, deny the allegations of Paragraph 54.

55. Deny the allegations of Paragraph 55.

56. State to the extent Paragraph 56 purports to describe, quote, or characterize contents of posts on the Krebs Security Article and Fiserv's Code of Conduct & Business Ethics, those documents speak for themselves, should be read as

TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

a whole, and would provide only as expressly stated therein; except as so stated, deny the allegations of Paragraph 56.

57. Deny the allegations of Paragraph 57.

58. Admit that in or around 2022, the U.S. Courthouse SDNY Federal Credit Union filed a lawsuit against Defendants and was represented by the same counsel representing POLAM in this action; except as so stated, deny the allegations of Paragraph 58.

59. Admit that Bessemer System Federal Credit Union, Cencap Federal Credit Union, Self-Help Credit Union, and FiCare Federal Credit Union filed lawsuits against Defendants and were or are represented by the same counsel representing POLAM in this action; except as so stated, deny the allegations of Paragraph 59.

60. Deny the allegations of Paragraph 60.

61. Admit that Fiserv issued a communication concerning the discontinuation of the Enhanced Authentication feature for Virtual Branch Next; state to the extent Paragraph 61 purports to describe, quote, or characterize contents of that communication, that communication speaks for itself, should be read as a whole, and would provide only as expressly stated therein; except as so stated, deny the allegations of Paragraph 61.

62. Deny the allegations of Paragraph 62.

63. State to the extent Paragraph 63 purports to describe, quote, or characterize contents of referenced notice, that notice speaks for itself, should be read as a whole, and would provide only as expressly stated therein; except as so stated, deny the allegations of Paragraph 63.

64. Deny the allegations of Paragraph 64.

65. Deny the allegations of Paragraph 65.

66. Deny the allegation of Paragraph 66.

67. Admit that Fiserv personnel sent POLAM a communication containing a Docusign link on or around February 25, 2026; state to the extent Paragraph 67

TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

purports to describe, quote, or characterize contents of that communication and documents linked thereto, that communication and linked documents speak for themselves, should be read as a whole, and would provide only as expressly stated therein; except as so stated, deny the allegations of Paragraph 67.

68. Admit that Fiserv intends to discontinue Enhanced Authentication and replace it with SecureNow; except as so stated, deny the allegations of Paragraph 68, specifically denying that POLAM's access to online banking was paused.

69. Admit that Fiserv provides its customers with certain compliance reports and materials; state that Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 69 as to POLAM's regulatory obligations and, therefore, deny the allegations; except as so stated, deny the allegations of Paragraph 69.

70. Admit that Fiserv updates its compliance reports and materials from time to time; except as so stated, deny the allegations of Paragraph 70, specifically denying that Fiserv made false or misleading statements.

71. Admit that Fiserv makes available to its clients a document entitled Standardized Information Gathering Questionnaire; state that Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 71 as to POLAM's use or receipt of the Standardized Information Gathering Questionnaire and, therefore, deny the allegations; except as so stated, deny the allegations of Paragraph 71.

72. State to the extent Paragraph 72 purports to describe, quote, or characterize the referenced Standardized Information Gathering Questionnaire, that document speaks for itself, should be considered as a whole, and would provide only as expressly stated therein; except as so stated, deny the allegations of Paragraph 72.

73. State to the extent Paragraph 73 purports to describe, quote, or characterize the referenced Standardized Information Gathering Questionnaire, that

TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

document speaks for itself, should be considered as a whole, and would provide only as expressly stated therein; except as so stated, deny the allegations of Paragraph 73.

74. Deny the allegations of Paragraph 74.

75. State to the extent Paragraph 75 purports to describe, quote, or characterize the referenced Standardized Information Gathering Questionnaire, that document speaks for itself, should be considered as a whole, and would provide only as expressly stated therein; except as so stated, deny the allegations of Paragraph 75.

76. Deny the allegations of Paragraph 76.

77. State to the extent Paragraph 77 purports to describe, quote, or characterize the referenced Cybersecurity Fact Sheet, that document speaks for itself, should be considered as a whole, and would provide only as expressly stated therein; except as so stated, deny the allegations of Paragraph 77.

78. Admit that Fiserv provided POLAM with a document entitled Fiserv Cybersecurity Fact Sheet 2025; state to the extent Paragraph 78 purports to describe, quote, or characterize the referenced Cybersecurity Fact Sheet, that document speaks for itself, should be considered as a whole, and would provide only as expressly stated therein; except as so stated, deny the allegations of Paragraph 78.

79. Deny the allegations of Paragraph 79.

80. State to the extent Paragraph 80 purports to describe, quote, or characterize the referenced Global Data Ethics and Privacy Program Fact Sheet, that document speaks for itself, should be considered as a whole, and would provide only as expressly stated therein; except as so stated, deny the allegations of Paragraph 80.

81. State to the extent Paragraph 81 purports to describe, quote, or characterize the contents of Fiserv, Inc.'s Privacy Notice, that document speaks for itself, should be considered as a whole, and would provide only as expressly stated therein; except as so stated, deny the allegations of Paragraph 81.

82. State to the extent Paragraph 82 purports to describe, quote, or characterize the contents of Fiserv, Inc.'s Privacy Notice, that document speaks for

TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

itself, should be considered as a whole, and would provide only as expressly stated therein; except as so stated, deny the allegations of Paragraph 82.

83. Deny the allegations of Paragraph 83.

84. Deny the allegations of Paragraph 84.

85. Deny the allegations of Paragraph 85.

86. Admit that Fiserv, Inc's share price has declined over the past year; except as so stated, deny the allegations of Paragraph 86.

87. Deny the allegations of Paragraph 87.

88. Deny the allegations of Paragraph 88.

89. Deny the allegations of Paragraph 89.

90. State that Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 90 and, therefore, deny the allegations.

91. State that Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 91 and, therefore, deny the allegations.

92. State that Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 92 and, therefore, deny the allegations.

93. State that Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 93 and, therefore, deny the allegations.

94. State to the extent Paragraph 94 purports to describe, quote, or characterize the referenced article, that document speaks for itself, should be considered as a whole, and would provide only as expressly stated therein; except as so stated, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 94 and, therefore, deny the allegations.

TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

95. State to the extent Paragraph 95 purports to describe, quote, or characterize the referenced report, that document speaks for itself, should be considered as a whole, and would provide only as expressly stated therein; except as so stated, state that Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 95 and, therefore, deny the allegations.

96. State to the extent Paragraph 96 purports to describe, quote, or characterize the referenced report, that document speaks for itself, should be considered as a whole, and would provide only as expressly stated therein; except as so stated, state that Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 96 and, therefore, deny the allegations.

97. State that Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 97 and, therefore, deny the allegations.

98. State that Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 98 and, therefore, deny the allegations.

99. State that Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 99 and, therefore, deny the allegations.

100. State that Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 100 and, therefore, deny the allegations.

101. State that Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 101 and, therefore, deny the allegations.

TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

102. State that Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 102 and, therefore, deny the allegations.

103. Deny the allegations contained in the first sentence of Paragraph 103; state that Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of Paragraph 103 and, therefore, deny the allegations.

104. State that Defendants lack knowledge or information sufficient to form a belief as to the scope and parameters of POLAM's alleged review or what POLAM's review identified, and therefore deny the allegations; except as so stated, deny the allegation of Paragraph 104.

105. Admit that Client360 is used by POLAM and Fiserv employees to communicate about service tickets and technical matters relating to Fiserv's products and services and that Client360's log-in process utilizes multi-factor authentication through the delivery of one-time passcodes via email or SMS text message; except as so stated, deny the allegations of Paragraph 105.

106. State that Defendants lack knowledge or information sufficient to form a belief as to what POLAM's review identified, and therefore deny the allegations; except as so stated, deny the allegation of Paragraph 106.

107. Admit that Exhibit 6 to the Complaint is a true and correct copy of the notice of breach POLAM sent to Defendants on or around July 3, 2025; state that the contents of Exhibit 6 speak for themselves; except as so stated, deny the allegations of Paragraph 107, including the contents of Exhibit 6.

108. State to the extent Paragraph 108 purports to describe, quote, or characterize Exhibit 6, that document speaks for itself, should be considered as a whole, and would provide only as expressly stated therein; deny that Fiserv breached any agreement to POLAM or that POLAM properly exercised any alleged "right" for

TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

information under the Master Agreement; except as so stated, deny the allegations of Paragraph 108.

109. Admit that Defendants responded to POLAM by letter dated August 28, 2025, a true and correct copy of which is Attached as Exhibit 7 to the Complaint and provided POLAM with a summary of Defendants' information security plan on August 28, 2025; state to the extent Paragraph 109 purport to describe, quote, or characterize Exhibit 7 and Information Security Plan, those documents speak for themselves, should be considered as a whole, and would provide only as expressly stated therein; except as so stated, deny the allegations of Paragraph 109.

110. Admit that Exhibit 8 to Complaint is a true and correct copy of POLAM's supplemental notice of breach dated September 18, 2025; state to the extent Paragraph 110 purports to describe, quote, or characterize Exhibit 8, that document speaks for itself, should be considered as a whole, and would provide only as expressly stated therein; except as so stated, deny the allegations of Paragraph 110, including the content of Exhibit 8.

111. Deny the allegations of Paragraph 111.

112. Deny the allegations of Paragraph 112; further state that the allegations contained in Footnote 10 assert a legal conclusion as to which no response is required and, therefore, deny the allegations.

113. Deny the allegations of Paragraph 113.

114. Deny the allegations of Paragraph 114.

115. Deny the allegations of Paragraph 115.

116. Deny the allegations of Paragraph 116.

117. Deny the allegations of Paragraph 117.

118. Deny the allegations of Paragraph 118.

119. Deny the allegations of Paragraph 119.

120. Deny the allegations of Paragraph 120.

121. Deny the allegations of Paragraph 121.

122. State to the extent Paragraph 122 purports to describe, quote, or characterize the Master Agreement, that document speaks for itself, should be considered as a whole, and would provide only as expressly stated therein; further state that the allegations of Paragraph 122 assert a legal conclusion as to which no response is required and, therefore, deny the allegations; except as so stated, deny the allegations of Paragraph 122.

123. Deny the allegations of Paragraph 123.

## FIRST CLAIM FOR RELIEF

**Breach of Contract: Monetary Damages**

**(Against Fiserv Solutions Only)**

124. Defendants incorporate their responses to the allegations of Paragraphs 1 through 123 as though fully set forth herein.

125. Admit that the Master Agreement is a valid and binding contract enforceable in accordance with its terms.

126. State to the extent Paragraph 126 purports to describe, quote, or characterize the Master Agreement, that document speaks for itself, should be considered as a whole, and would provide only as expressly stated therein; further state that the allegations of Paragraph 126 assert a legal conclusion as to which no response is required and, therefore, deny the allegations.

127. Deny the allegations of Paragraph 127.

128. Deny the allegations of Paragraph 128, including the allegations of subparagraphs (a) through (g).

129. Deny the allegations of Paragraph 129; further state that the allegations contained in footnote 11 assert a legal conclusion to which no response is required and, therefore, deny the allegations.

130. Deny the allegations of Paragraph 130.

131. Deny the allegations of Paragraph 131.

TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

**SECOND CLAIM FOR RELIEF**

**Rescission**

**(Against Fiserv Solutions Only)**

132. Defendants incorporate their responses to the allegations of Paragraphs 1 through 131 as though fully set forth herein.

133. Deny the allegations of Paragraph 133.

134. Deny the allegations of Paragraph 134.

135. Deny the allegations of Paragraph 135.

136. Deny the allegations of Paragraph 136.

**THIRD CLAIM FOR RELIEF**

**Breach of Contract: Specific Performance**

**(Against Fiserv Solutions Only)**

137. Defendants incorporate their responses to the allegations of Paragraphs 1 through 136 as though fully set forth herein.

138. Admit that the Master Agreement is a valid and binding contract enforceable in accordance with its terms.

139. Deny the allegations of Paragraph 139.

140. State that Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 140 with respect to POLAM's readiness, willingness, or ability to perform its contractual obligations and, therefore, deny the allegations; affirmatively allege that POLAM has not, to date, performed its contractual obligations under the Master Agreement.

141. Deny the allegations of Paragraph 141.

142. Deny the allegations of Paragraph 142.

143. Admit that Fiserv is capable of performing its obligations under the Master Agreement; except as so stated, deny the allegations of Paragraph 143.

144. State that the allegations of Paragraph 144 assert a legal conclusion as to which no response is required and, therefore, deny the allegations.

145. Deny the allegations of Paragraph 145.

**FOURTH CLAIM FOR RELIEF**

**Declaratory Relief**

**(Against Fiserv Solutions Only)**

146. Defendants incorporate their responses to the allegations of Paragraphs 1 through 145 as though fully set forth herein.

147. Deny the allegations of Paragraph 147.

148. Admit that POLAM seeks a declaration; except as so stated, deny the allegations of Paragraph 148, specifically denying that POLAM is entitled to declaratory relief.

149. Deny the allegations of Paragraph 149.

150. Deny the allegations of Paragraph 150.

151. Admit that POLAM has failed and refused to pay invoices and amounts due and owing under the Master Agreement; deny that POLAM is not obligated to pay outstanding accounts receivable or future invoices; except as so stated, deny the allegations of Paragraph 151, including the allegations of subparagraphs (a) through (d).

152. Deny the allegations of Paragraph 152, including allegations of subparagraphs (a) through (d).

**FIFTH CLAIM FOR RELIEF**

**Unjust Enrichment**

**(Against Fiserv Solutions Only)**

153. Defendants incorporate their responses to the allegations of Paragraphs 1 through 152 as though fully set forth herein.

154. Admit that Fiserv issued invoices to POLAM on a recurring basis for services that were performed and amounts owed to Fiserv; except as so stated, deny the allegations of Paragraph 154.

155. Deny the allegations of Paragraph 155.

TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

156. Deny the allegations of Paragraph 156.

157. Deny the allegations of Paragraph 157.

**SIXTH CLAIM FOR RELIEF**

**Defend Trade Secrets Act**

**(18 U.S.C. § 1836, *et seq.*)**

158. Defendants incorporate their responses to the allegations of Paragraphs 1 through 157 as though fully set forth herein

159. State that Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of POLAM's allegations that it owns or holds certain trade secrets and, therefore, deny the allegations; deny that any of the data or information in the custody, possession, or control of Defendants in connection with the services that Fiserv provided to POLAM constitute trade secrets; except as so stated, deny the allegations of Paragraph 159.

160. State that Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 160 and, therefore, deny the allegations.

161. Deny the allegations of Paragraph 161.

162. State that Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 162 and, therefore, deny the allegations.

163. State that Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 163 and, therefore, deny the allegations.

164. Deny the allegations of Paragraph 164.

165. Deny the allegations of Paragraph 165.

166. Deny the allegations of Paragraph 166.

167. Deny the allegations of Paragraph 167.

168. Deny the allegations of Paragraph 168.





TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

169. Deny the allegations of Paragraph 169.

170. Deny the allegations of Paragraph 170.

171. Deny the allegations of Paragraph 171.

**SEVENTH CLAIM FOR RELIEF**

**Fraud**

172. Defendants incorporate their responses to the allegations of Paragraphs 1 through 171 as though fully set forth herein.

173. Deny the allegations of Paragraph 173.

174. Deny the allegations of Paragraph 174.

175. Deny the allegations of Paragraph 175.

176. Deny the allegations of Paragraph 176.

177. Deny the allegations of Paragraph 177.

178. Deny the allegations of Paragraph 178.

179. Deny the allegations of Paragraph 179.

180. Admit that counsel for POLAM sent a demand letter to Defendants on or around July 3, 2025; state to the extent Paragraph 180 purports to describe, quote, or characterize Exhibits 6 and 7, those documents speak for themselves, should be considered as a whole, and would provide only as expressly stated therein; except as so stated, deny the allegations of Paragraph 180.

181. Deny the allegations of Paragraph 181.

182. Deny the allegations of Paragraph 182.

183. Deny the allegations of Paragraph 183.

184. Deny the allegations of Paragraph 184.

185. Deny the allegations of Paragraph 185.

186. Deny the allegations of Paragraph 186.

TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

**EIGHTH CLAIM FOR RELIEF**

**Cal. Bus. & Prof. Code § 17200 *et seq*.**

**California's Unfair Competition Law**

187. Defendants incorporate their responses to the allegations of Paragraphs 1 through 186 as though fully set forth herein.

188. Admit that POLAM provides financial services to its members; state that Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity that POLAM is a California-charted credit union and the laws it is governed by and, therefore, deny the allegations.

189. Admits that Defendants transact business in California; except as to stated, deny the allegations of Paragraph 189.

190. Admit that Fiserv Solutions provides account processing and other technology solutions to credit unions, including POLAM; except as so stated, deny the allegations of Paragraph 190.

191. State that the allegations of Paragraph 191 assert a legal conclusion as to which no response is required and, therefore, deny the allegations.

192. Deny the allegations of Paragraph 192.

193. Deny the allegations of Paragraph 193.

194. State that the allegations of Paragraph 194 assert a legal conclusion as to which no response is required and, therefore, deny the allegations.

195. Deny the allegations of Paragraph 195, including the allegations of subparagraphs (a) through (c).

196. Deny the allegations of Paragraph 196.

197. Deny the allegations of Paragraph 197.

198. Deny the allegations of Paragraph 198.

199. Deny the allegations of Paragraph 199.

TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

**JURY TRIAL DEMAND**

Defendants deny that POLAM is entitled to a trial by jury on any of the claims set forth in its Complaint based on the clear and unequivocal jury-trial waiver in the Master Agreement.

**DEMAND FOR RELIEF**

Answering the allegations contained in the portion of the Complaint titled "Demand for Relief," Defendants deny that POLAM is entitled to any relief.

**AFFIRMATIVE AND OTHER DEFENSES**

Without assuming any burden of proof or persuasion otherwise resting on POLAM, for their affirmative defenses and/or other defenses, Defendants hereby incorporate by reference their responses to the allegations of Paragraphs 1 through 199 as though fully set forth herein and allege as follows:

**FIRST AFFIRMATIVE AND/OR OTHER DEFENSE**

Fiserv, Inc. has no contractual or other relationship with POLAM and is not a proper party to this action. Fiserv, Inc. is not a signatory to the Master Agreement and has not engaged in any business dealings with POLAM. The services provided to POLAM were through Fiserv Solutions, LLC, and there is no allegation or evidence of any contractual obligations by Fiserv, Inc. with respect to POLAM's relationship with Fiserv Solutions, LLC under the Master Agreement.

**SECOND AFFIRMATIVE AND/OR OTHER DEFENSE**

POLAM's claims are barred, in whole or in part, by the applicable statute of limitations, which may include but are not limited to, N.Y. C.P.L.R. §§ 213, 214; 18 U.S.C. § 1836(d); Cal. Civ. Proc. Code § 338; and Cal. Bus. & Prof. Code § 17208. POLAM further acknowledges in the Complaint that its claims may be barred by the applicable statute of limitations, and its allegations that such period has been tolled are conclusory and without merit. (Compl. ¶¶ 112-123.)

**THIRD AFFIRMATIVE AND/OR OTHER DEFENSE**

POLAM's claims are barred, in whole or in part, by the applicable contractual limitations period set forth in Section 7 of the Master Agreement. POLAM further acknowledges in the Complaint that its claims may be barred by the applicable contractual limitations period, and its allegations that such period has been tolled are conclusory and without merit. (Compl. ¶¶ 112-123.)

**FOURTH AFFIRMATIVE AND/OR OTHER DEFENSE**

POLAM's claims are barred, in whole or in part, by the Master Agreement, including, but not limited to, Sections 4, 6, 7, 10 and 11 of the Master Agreement, Sections 4, 5, and 8 of the ASP Services Exhibit, and the Digital Online Banking Services Schedule to ASP Exhibit, which collective bar claims inconsistent with the contract's terms and limit POLAM's remedies.

**FIFTH AFFIRMATIVE AND/OR OTHER DEFENSE**

POLAM's tort, equitable, and statutory claims are barred, in whole or in part, because POLAM's alleged damages are purely economic and arise, if at all, entirely from a contractual relationship, not from any independent tort duty. Each of POLAM's tort, equitable, and statutory claims is duplicative of POLAM's breach of contract claim and fails to allege any separate duty owed to POLAM or breached by Defendants.

**SIXTH AFFIRMATIVE AND/OR OTHER DEFENSE**

POLAM's claims are barred, in whole or in part, by the doctrine of consent because, *inter alia*, POLAM was aware of any alleged potential security risk and voluntarily contracted for the services it received from Fiserv despite knowledge of these alleged risks, knew or should have known of the capabilities those services provided, and chose not to implement additional security features before or after initiating this action.

**SEVENTH AFFIRMATIVE AND/OR OTHER DEFENSE**

POLAM's claims are barred, in whole or in part, by the doctrine of waiver because, *inter alia*, POLAM received the benefits of the services it contracted for with Fiserv, entered into multiple contractual amendments after receiving the services it bargained for, and waited to file suit until over a decade after it began its contractual relationship with Fiserv based on purported security deficiencies that it knew, or should have known, about long ago.

**EIGHTH AFFIRMATIVE AND/OR OTHER DEFENSE**

POLAM's claims are barred, in whole or in part, by the doctrine of laches because of POLAM's unreasonable delay in bringing claims, despite POLAM's long-standing knowledge of and access to the products and services it receives under the Master Agreement, thereby prejudicing Defendants' ability to defend against these claims. POLAM received the benefits of the services it contracted for with Fiserv entered into multiple contractual amendments after receiving the services it bargained for, and waited to file suit until over a decade after it began its contractual relationship with Fiserv based on purported security deficiencies that it knew, or should have known, about long ago.

**NINTH AFFIRMATIVE AND/OR OTHER DEFENSE**

POLAM's claims are barred, in whole or in part, by the doctrine of estoppel because, *inter alia*, POLAM accepted the terms and conditions of the Master Agreement, including the limitations on liability and limited warranties, and cannot now claim damages for issues it agreed to assume responsibility for, including responsibility for ensuring that the products and services POLAM received under the Master Agreement satisfied POLAM's operational requirements.

**TENTH AFFIRMATIVE AND/OR OTHER DEFENSE**

POLAM's claims are barred, in whole or in part, by the doctrine of ratification because, *inter alia*, POLAM entered into multiple contractual amendments with

TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

Fiserv to continue the parties' contractual relationship after it knew, or should have known of, the purported security deficiencies alleged in the Complaint.

**ELEVENTH AFFIRMATIVE AND/OR OTHER DEFENSE**

POLAM's claims are barred, in whole or in part, by the doctrine of unclean hands because, *inter alia*, after years of receiving the products and services POLAM contracted to receive and refusing to pay invoices as they become due, POLAM initiated this action with the goal of creating leverage to obtain relief unrelate to any purported security concern.

**TWELFTH AFFIRMATIVE AND/OR OTHER DEFENSE**

POLAM's claims are barred, in whole or in part, because POLAM materially breached its contractual obligations to Fiserv by, *inter alia*, failing to pay for all amounts owed under its agreements with Fiserv.

**THIRTEENTH AFFIRMATIVE AND/OR OTHER DEFENSE**

Upon information and belief, POLAM has failed to mitigate any actual damages it alleges to have incurred because, *inter alia*, POLAM was aware of the operating features of the products and services it receives under the Master Agreement for years, did not at any time before July 3, 2025 notify Fiserv of any alleged security deficiency or request available product enhancements or security features on these products and services, failed to utilize the security features and enhancements that have been available to POLAM, and failed to act promptly to limit its alleged damages.

**FOURTEENTH AFFIRMATIVE AND/OR OTHER DEFENSE**

POLAM's claims are barred, in whole or in part, because Defendants are entitled to a set off against any purported damages or amounts allegedly sustained by POLAM as set forth in the Complaint.

**FIFTEENTH AFFIRMATIVE AND/OR OTHER DEFENSE**

POLAM has not alleged or sustained any actual damages caused by the Defendants or for which the Defendants are liable. All or portions of any harm

TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

allegedly suffered by POLAM are attributable to causes other than any alleged conduct, acts or omissions of the Defendants.

**SIXTEENTH AFFIRMATIVE AND/OR OTHER DEFENSE**

At all times, Defendants acted in good faith and with clean hands because, *inter alia*, Defendants provided all services they contracted to provide, if any, to POLAM, did not misappropriate any of POLAM's trade secrets, and did commit any fraud or any other unlawful conduct against POLAM as alleged in the Complaint.

**SEVENTEENTH AFFIRMATIVE AND/OR OTHER DEFENSE**

POLAM's claims for punitive damages are waived in and barred by Section 7 the Master Agreement.

**EIGHTEENTH AFFIRMATIVE AND/OR OTHER DEFENSE**

POLAM's claims for punitive damages fail because Defendants did not act with malice or reckless indifference to POLAM's rights, or engage in willful, deliberate, malicious, wanton, or outrageous conduct. POLAM's claims for punitive damages are limited and/or barred by the Constitution of the State of California, by the Fourteenth, Fifth, and Eighth Amendments to the United States Constitution, and by the laws of the United States and California.

**NINETEENTH AFFIRMATIVE AND/OR OTHER DEFENSE**

POLAM's claims for injunctive relief and specific performance fail because any harm allegedly suffered by POLAM can be adequately remedied at law, POLAM has not plausibly alleged an actual or imminent threat of harm, and POLAM will not face irreparable harm absent injunctive relief.

**TWENTIETH AFFIRMATIVE AND/OR OTHER DEFENSE**

POLAM's claim under California Business and Professions Code § 17200, et seq., is barred, in whole or in part, because POLAM lacks standing under the unfair competition law given that it has not suffered any losses as a result of any unlawful, unfair, or fraudulent practice engaged in by Defendants; because the conduct alleged is governed by, and permitted under, the Master Agreement and applicable law;

TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

because restitution and injunctive relief are the exclusive remedies available under the Unfair Competition Law and are unavailable on the facts alleged.

**TWENTY-FIRST AFFIRMATIVE AND/OR OTHER DEFENSE**

POLAM's claims are barred because POLAM lacks standing, including associational standing, to assert the claims in the Complaint. POLAM has not alleged a direct injury or a sufficient connection to the alleged harm, as the claims asserted primarily concern potential risks rather than actual damages suffered by POLAM or its members, and POLAM does not have standing to assert claims for speculative harm on behalf of itself or its members, which whom Defendants have no contractual or other relationship. POLAM's members have not suffered any cognizable harm and any alleged harm would not be recoverable by POLAM.

**RESERVATION OF DEFENSES**

200. Due to the lack of information as to matters set forth in the Complaint, Defendants have insufficient information or belief as to whether they have additional, unstated affirmative and specific defenses available. Defendants do not waive any additional or further defenses, and they explicitly reserve the right to assert any additional or further defenses as may be revealed during discovery or otherwise and reserve the right to amend this Answer to assert any such defenses.

**COUNTERCLAIMS**

Fiserv Solutions, LLC, for its counterclaims, alleges against POLAM as follows:

1. Fiserv Solutions, LLC ("Fiserv") is one of the nation's leading financial technology companies and provides various account processing services and products to clients across the financial services sector, including banks, credit unions, and other financial institutions.

2. POLAM is a credit union that serves the Southern California community. On information and belief, POLAM provides a range of financial services to

TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

individual consumers, including savings and checking accounts, loans, and online banking.

***The Master Agreement***

3. On or around June 1, 2014, Fiserv and POLAM entered into a Master Agreement with incorporated schedules and exhibits (as amended, the "Master Agreement").

4. The Master Agreement was negotiated between sophisticated commercial parties, is controlled by New York law, and is enforceable in accordance with its terms.

5. Under the Master Agreement, Fiserv agreed to provide POLAM with the account processing services, along with various other technology services and products, including statement, deposit, and credit and debit cards services – known broadly as ASP Services – and related equipment, software, and professional services to facilitate the provision of ASP Services (collectively, "Deliverables"), in exchange for the payment of fees set forth in the Master Agreement.

6. The Master Agreement, including its incorporated schedules and exhibits, defines Fiserv's obligations with respect to the Deliverables it provides to POLAM.

7. The Master Agreement also defines POLAM's obligations with respect to the Deliverables it receives from Fiserv. POLAM agreed to pay Fiserv the "(i) fees for Deliverables as specified in the Exhibits, (ii) out-of-pocket and other additional charges pursuant to Section 2(b), and (iii) Taxes as defined in Section 2(c)." (Master Agreement § 2(a).)

8. POLAM further agreed that invoices issued under the Master Agreement "are due and payable upon [POLAM's] receipt of such invoice." (*Id.* § 2(d).) And "[i]f any invoiced amounts remain unpaid 30 days after [POLAM's] receipt of invoice, [POLAM] shall pay a monthly late charge based on the unpaid amounts equal

TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

to the lesser of 1.5% or the highest amount allowed by law until such invoice amount is paid in full." (*Id.*)

9. Section 8(b)(ii) of the Master Agreement states that "[i]f any invoice remains unpaid by [POLAM] 30 days after due, Fiserv may, upon 30 days' written notice to the Client, terminate: (A) the Schedule and/or [POLAM's] access to and use of Deliverables to which the payment failure relates; or (B) this Agreement if the unpaid amounts constitute a material portion of annual charges under this Agreement." These remedies are cumulative and are in addition to other rights and remedies available to Fiserv under the Master Agreement or law. (*Id.* § 8(c).)

10. Section 8 of the ASP Services Exhibit to Master Agreement provides that if POLAM "fails to cure its material breach or fails to pay amounts due, each as set forth in Section 8(b) of the Agreement," then "Fiserv, may, upon written notice, terminate the Agreement in whole or in part."

11. The Master Agreement had an initial five-year term (expiring on May 31, 2019). The parties have executed a series of amendments since 2014 that extended the term of the Master Agreement. Most recently, through a December 28, 2022, Amendment to the Master Agreement, the parties agreed to renew the Master Agreement through May 31, 2030. The current term of the Master Agreement therefore expires on May 31, 2030.

***Fiserv Has Provided Products and Services to POLAM and POLAM Refuses to Pay for Them***

12. The Deliverables – and in particular, the account processing (or "core") system and its surrounds – are the backend solutions that allow POLAM to operate its business and provide services to its members on a daily basis. Among other things, POLAM uses the Deliverables for processing and posting member transactions, generating and accessing various statements and reports, originating loans, and providing online and mobile banking to its members.

TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

13. Since entering the Master Agreement, Fiserv has continuously provided POLAM the Deliverables in accordance with its obligations under the Master Agreement, and POLAM has continuously received and used the Deliverables to operate its credit union.

14. From the time POLAM began receiving the Deliverables through present, Fiserv has issued invoices to POLAM – typically on a monthly basis – reflecting the fees due for the Deliverables.

15. For approximately nine years, POLAM paid its invoices in accordance with its obligations under the Master Agreement without incident.

16. That changed after POLAM underwent a change in leadership. Starting in late 2023, without notice or explanation, POLAM began withholding payment of the fees due under the invoices. For some invoices, POLAM has failed and refused to pay any amount due; for others, POLAM has withheld a portion of the amounts due under the invoices.

17. That practice became more pervasive beginning in December 2024. POLAM has failed to pay the full amounts due under Fiserv's invoices issued from December 2024 through January 2026.

18. Many of the invoices for which POLAM has withheld payment altogether reflect the agreed-upon fees for the core processing services POLAM relies on as a system of record and to conduct and settle its transactions. Without that system, POLAM could not operate the credit union.

19. POLAM has not identified the basis for its refusal to pay the agreed-upon fees as they become due. Nor has POLAM identified any product, services or charge for which it disputes payment.

TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

***POLAM's Pre-Textual Demand Letter***

20. On July 3, 2025, out of the blue, Fiserv and Fiserv, Inc.[1] received a demand letter from POLAM's counsel titled Notice of Breach & Intent to Seek Temporary Restraining Order.

21. In that demand letter, POLAM described purported concerns with the security features of certain Deliverables. POLAM's counsel characterized Fiserv's security features for these products and services as inadequate, and contended Fiserv's past and continued use of its current security features constitutes a material and incurable breach of the Master Agreement. Yet the same letter still demanded that Fiserv "immediately remediate" the alleged breaches. The July 3, 2025, demand letter did not identify or describe any known or suspected security incident involving the Fiserv Products.

22. POLAM has not reported to Fiserv a known or suspected security incident involving the Fiserv Deliverables that impacted POLAM or its members (and Fiserv is not aware of any such incident).

23. In the same letter, POLAM also demanded vastly overbroad and non-specific "audit records" without specifying what "audit records" it was seeking under any of the cited "audit provisions"—instead issuing an overbroad and nebulous demand for "all records required to be produced under the Master Agreement" and all "audits, summaries of test results, and other equivalent evaluations of Fiserv's security" regardless of, *e.g.*, the Fiserv product or service, whether POLAM even received such product or service, or the date such documents or "test results" were created. In doing so, POLAM requested documents far outside the scope of its "audit rights" and failed to comply with its contractual obligations to reasonably identify the specific Fiserv documentation it wishes to review.

[1] Fiserv, Inc. is the parent company and sole member of plaintiff Fiserv Solutions, LLC. Fiserv, Inc. has no contractual relationship with POLAM.

TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

24. POLAM also demanded that Fiserv agree within two business days—on the Monday following the holiday weekend (July 7th)—to an unspecified "consent injunction," and threatened to seek emergency injunctive relief if Fiserv did not enter the "consent injunction."

25. Fiserv did not agree to such an injunction, and POLAM did not seek the emergency relief it threatened.

26. In August 2025, Fiserv provided POLAM's counsel with a detailed summary of the security features and configurations available for the products and services identified in POLAM's demand letter. Fiserv also provided POLAM's counsel with a summary of Fiserv's written information security plan as contemplated by Section 4(a) of the Master Agreement.

27. In December 2025, authorized representatives of POLAM and Fiserv conferred in attempt to resolve the parties' dispute under the Master Agreement. The parties were unable to reach a resolution.

***POLAM's Breaches of the Master Agreement Continue After the Demand Letter***

28. On or around January 2, 2026, Fiserv provided POLAM with a spreadsheet identifying the unpaid fees due and owing under the Master Agreement by invoice number, date, and service. Fiserv requested that POLAM identify the basis for its refusal to pay the unpaid balance and the services or charges POLAM disputes, if any.

29. POLAM has neither responded substantively to those requests nor cured its breaches of the Master Agreement.

30. At no point since POLAM sent its demand letter has POLAM terminated the Master Agreement or ceased using any services provided thereunder.

31. Fiserv has continued to provide the Deliverables under the Master Agreement without interruption notwithstanding POLAM's material breaches and has continued to invoice POLAM for those services.

32. POLAM has continued to use the Deliverables it refuses to pay for, and POLAM has objected to Fiserv terminating or suspending those services.

33. POLAM's failure and refusal to pay the entire amounts due and payable under the Master Agreement for the Deliverables provided thereunder has continued to date.

34. POLAM's unpaid liability for invoices due and payable for the Deliverables POLAM received under the Master Agreement is not less than $208,202.63.

**FIRST COUNTERCLAIM FOR RELIEF**

**BREACH OF CONTRACT**

35. Fiserv realleges and incorporates here by reference the allegations set forth above.

36. Fiserv and POLAM are parties to the Master Agreement, as amended.

37. The Master Agreement, including its various amendments, exhibits, and schedules, is a binding and enforceable contract.

38. Fiserv has fully performed and satisfied its obligations under the Master Agreement concerning the performance, functionality, and security of the Fiserv Products. Any and all conditions precedent to performance or enforcement of POLAM's contractual obligations under the Master Agreement have been satisfied or waived.

39. POLAM has refused and failed to pay its invoices for the Deliverables Fiserv provided and POLAM accepted as required by the Master Agreement.

40. POLAM's failure and refusal to pay the amounts due and owing for the Deliverables constitutes a material breach of the Master Agreement.

41. As a direct and proximate result of POLAM's breach of the Master Agreement, Fiserv has been damaged in the amounts owed under the Master Agreement, including amounts due for services rendered by Fiserv under the Master Agreement, which is not less than $208,202.63, plus late fees, prejudgment interest,

TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

attorney's fees and other amounts provided in the Master Agreement, all in an amount to be proven at trial.

**<u>SECOND COUNTERCLAIM FOR RELIEF</u>**

**DECLARATORY JUDGMENT**

42. Fiserv realleges and incorporates here by reference the allegations set forth above.

43. Under the express terms of the Master Agreement, POLAM agreed to pay invoices for Deliverables as they become due.

44. Section 8 of the Master Agreement and Section 8 of the ASP Services Agreement provide that if POLAM fails to pay for the Deliverables, Fiserv may terminate the Schedule or POLAM's access to and use of the Deliverables to which the payment failure relates, or terminate the Master Agreement in its entirety if the unpaid amounts constitute a material portion of annual charges under the Master Agreement.

45. POLAM has failed and refused to pay invoices for Deliverables, and the unpaid amount due and owing under such invoices constitutes a material portion of the annual charges under the Master Agreement.

46. POLAM has denied liability for the unpaid invoices for Deliverables.

47. An actual, justiciable controversy thus exists under 28 U.S.C. § 2201 with respect to POLAM's liability under the Master Agreement.

48. A judicial declaration is necessary and appropriate so that Fiserv may ascertain its rights under the Master Agreement.

49. Fiserv is entitled to a declaration that: (a) Fiserv may terminate the Schedules and POLAM's access to and use of the Deliverables for which POLAM has refused to pay the required fees; (b) Fiserv may terminate the Master Agreement, and (c) POLAM is contractually obligated to pay the outstanding amounts due for the Deliverables and deconversion and other fees set forth in the Master Agreement for services requested of Fiserv.

TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

50. In event of termination of the Master Agreement, POLAM will require time to identify an alternative service provider and transition to that provider. Fiserv seeks a declaration of its right to terminate the Deliverables and the Master Agreement in order to compel POLAM to make such arrangements and to pay Fiserv for the Deliverables that it provides to POLAM during that process. For the avoidance of doubt, Fiserv will not terminate the Deliverables until POLAM has had a reasonable opportunity to make these arrangements and transition to a new provider.

**PRAYER FOR RELIEF**

Fiserv Solutions, LLC and Fiserv, Inc. respectfully request judgment in their favor and against POLAM as follows:

(A) That POLAM take nothing by way of its Complaint;

(B) That POLAM's Complaint be dismissed with prejudice;

(C) Direct, actual, compensatory, and punitive damages to be proven at trial;

(D) A judicial declaration that:

a. Fiserv Solutions may terminate the Master Agreement and compelling POLAM to make arrangements for transition to a new provider and to pay Fiserv for the Deliverables that Fiserv provides until such transition is complete;

b. Fiserv Solutions may terminate the Schedules and POLAM's access to and use of the Deliverables for which POLAM has refused to pay the required fees; and

c. POLAM is contractually obligated to pay the outstanding amounts due for the Deliverables and deconversion and other fees set forth in the Master Agreement for services requested of Fiserv Solutions;

(E) Pre-judgment and post-judgment interest at the maximum legal rate;

(F) An award of attorneys' fees and all costs of suit incurred herein pursuant to Paragraph 11(h) of the Master Agreement; and

TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

(G) All such other and further relief as this Court deems just and proper.

Dated: July 9, 2026

TROUTMAN PEPPER LOCKE LLP

By: */s/ Steven D. Allison*

Steven D. Allison
Christy A. Markos
Lynda B. Nguyen
Jesse L. Byam-Katzman (admitted *pro hac vice*)

Attorneys for Defendants
FISERV SOLUTIONS, LLC F/K/A FISERV SOLUTIONS, INC.; and FISERV, INC.

TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

**CERTIFICATION REGARDING ARTIFICIAL INTELLIGENCE**

Artificial intelligence was used in the preparation of this document. The undersigned counsel of record for Fiserv Solutions, LLC f/k/a Fiserv Solutions, Inc. and Fiserv, Inc. certifies that I have personally reviewed and verified the accuracy of all legal citations, quotations, factual statements, and analyses contained in the document.

Dated: July 9, 2026

By: */s/ Jesse L. Byam-Katzman*
Jesse L. Byam-Katzman

TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

**ATTESTATION OF FILER**

Pursuant to L.R.5-4.3.4(a)(2)(i), Steven D. Allison hereby attests that all of the signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: July 9, 2026

TROUTMAN PEPPER LOCKE LLP

By: */s/ Steven D. Allison*
Steven D. Allison