Charles J. Nerko (*pro hac vice*)
John C. Cleary (*pro hac vice*)
Walter E. Swearingen (*pro hac vice* forthcoming)
**NERKO PLLC**
1178 Broadway, 3rd Floor
New York, NY 10001
518.363.9100
cnerko@nerko.com
jcleary@nerko.com
wswearingen@nerko.com

Kristen L. Nelson (SBN 269318)
Patrick Maloney (SBN 287667)
**HECHT PARTNERS LLP**
2121 Avenue of the Stars, Suite 800
Los Angeles, California 90067
212.851.6821
knelson@hechtpartners.com
pmaloney@hechtpartners.com

Lori G. Feldman (*pro hac vice*)
**HECHT PARTNERS LLP**
125 Park Avenue, 25th Floor
New York, New York 10017
888.421.4529
lfeldman@hechtpartners.com

*Attorneys for Plaintiff*
*POLAM Federal Credit Union*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| POLAM FEDERAL CREDIT UNION,<br><br>*Plaintiff*,<br><br>v.<br><br>FISERV SOLUTIONS, LLC f/k/a FISERV SOLUTIONS, INC., and FISERV, INC.,<br><br>*Defendants*. | Case No.: 2:26-cv-02352-JFW-DFMx<br><br>Assigned to the Honorable John F. Walter, U.S.D.J.<br><br>**JOINT STATEMENT REGARDING AUGUST 13, 2026 PRE-MOTION CONFERENCE** |

Pursuant to Local Rule 7-3 and Rule 5(b) of Your Honor's Standing Order, the parties submit this Joint Statement concerning their Rule 7-3 conference related to Plaintiff POLAM Federal Credit Union's ("POLAM") anticipated motion under Fed. R. Civ. P. 12(c) for partial judgment on the pleadings, or in the alternative under Fed. R. Civ. P. 56 for partial summary judgment, for the entry of a partial judgment striking the Seventeenth Affirmative Defense pleaded by Defendants Fiserv Solutions, LLC and Fiserv, Inc. (collectively, "Fiserv") in their Amended Answer and Amended Counterclaim filed on July 9, 2026. Doc. No. 65. This Affirmative Defense alleges that "POLAM's claims for punitive damages are waived in and barred by Section 7 [of] the Master Agreement [between POLAM and Fiserv]." *Id.* at 24. By email dated July 21, 2026, POLAM gave notice to Fiserv of this anticipated motion, stating (i) that any punitive damages waiver in the Master Agreement is not enforceable under New York law, which is the law governing the Agreement and (ii) that at least one court has already ruled against the enforceability of such a clause in a case in which Fiserv was a party (*Bessemer Systems Federal Credit Union v. Fiserv Solutions, LLC*, 472 F. Supp. 3d 142 (W.D. Pa. 2020)). In response, Fiserv (1) provided legal authorities for its position that courts applying New York law routinely enforce punitive damages waivers such as the one contained in the parties' agreement; and (2) explained that POLAM's reliance on *Bessemer* is misplaced because the court in that case did not rule that the waiver provision was unenforceable, but rather simply declined to strike the plaintiff's request for punitive damages because plaintiff's fraud claim was not dismissed at the pleading stage. By several subsequent emails through July 24, 2026, counsel for the parties exchanged their legal authorities and contentions in an effort to resolve this issue, but no resolution was reached.

The required Rule 7-3 Conference was held on August 13, 2026, at 9:30 Pacific Time. It lasted for seven minutes and was attended by out-of-state Lead Counsel for POLAM Lori Feldman (Hecht Partners LLP) with co-counsel John C. Cleary (Nerko

PLLC) and Lead Counsel for Fiserv Steven D. Allison (Troutman Pepper Locke) and Christy A. Markos (Troutman Pepper Locke). The method of communication was a video conference via Microsoft Teams. The issue discussed was the enforceability of the punitive damages waiver in the Master Agreement under New York law and whether Fiserv's Seventeenth Affirmative Defense invoking such a waiver in favor of Fiserv is without basis and should be disposed of by partial judgment in favor of POLAM. Counsel for POLAM contended that the punitive damages waiver is unenforceable and Fiserv's Seventeenth Affirmative Defense should be dismissed by partial judgment on the pleadings. Counsel for Fiserv contended that the punitive damages waiver is enforceable and Fiserv's Seventeenth Affirmative Defense should remain in place. The parties were not able to resolve these issues in the Rule 7-3 Conference.

DATED: August 14, 2026

/s/ Lori G. Feldman

Lori G. Feldman (*pro hac vice*)
**HECHT PARTNERS LLP**
125 Park Avenue, 25th Floor
New York, NY 10017
8888.421.4529
lfeldman@hechtpartners.com

Kristen L. Nelson (SBN 269318)
Patrick Maloney (SBN 287667)
**HECHT PARTNERS LLP**
2121 Avenue of the Stars, Suite 800
Los Angeles, California 90067
212.851.6821
knelson@hechtpartners.com
pmaloney@hechtpartners.com

Charles J. Nerko (*pro hac vice*)
John C. Cleary (*pro hac vice*)
Walter E. Swearingen (*pro hac vice*)
**NERKO PLLC**
1178 Broadway, 3rd Floor
New York, NY 10001
518.363.9100
cnerko@nerko.com
jcleary@nerko.com
wswearingen@nerko.com

*Counsel for Plaintiff POLAM Federal Credit Union*

DATED: August 14, 2026

TROUTMAN PEPPER LOCKE LLP

By: */s/ Steven D. Allison*
Steven D. Allison

*Counsel for Defendants Fiserv Solutions, LLC f/k/a Fiserv Solutions, Inc., and Fiserv, Inc.*

* Pursuant to L.R. 5-4.3.4(a)(2)(i), the filer attests that all other signatories listed, and on whose behalf the filing is submitted concur in the filing's content and have authorized the filing.